UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| ANTONIO D. WILLIAMS, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 21-CV-667-JPS |
| NOAH BENTZ, CASEY JOHNSON, and KAYLA POMPEY, | **ORDER** |
| Defendants. | |

On May 27, 2021, Plaintiff Antonio D. Williams filed this civil rights action alleging violations of his constitutional rights. ECF No. 1. On March 7, 2022, the Court screened the complaint and allowed it to proceed against Defendants for a violation of the Free Exercise Clause of the First Amendment and negligence. ECF No. 7 at 8.

On September 19, 2022, the Court entered a scheduling order with a March 20, 2023 discovery deadline and an April 17, 2023 deadline to file dispositive motions. ECF No. 15. The Court's order required that for summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion and create a single, agreed-upon statement of facts. *Id.* at 2. The Court has warned Plaintiff that the failure to participate in his case may result in its dismissal for the failure to prosecute. *Id.* ECF Nos. 7 at 11, 15 at 9.

On March 17, 2023, Defendants filed a motion to dismiss for Plaintiff's failure to prosecute and failure to appear at his deposition and a motion to stay the dispositive motion deadline. ECF No. 20. More than twenty-one days has passed, and, to date, Plaintiff has not filed a response.

On April 10, 2023, Defendants filed a declaration indicating that Plaintiff had not contacted them regarding his nonappearance. ECF No. 24 at 2.

Defendants seek dismissal for Plaintiff's failure to prosecute. *Id.* Defendants indicate that Plaintiff was released into the community on June 1, 2021. *Id.* at 3. Following the Court's screening order, Defendants reached out to Plaintiff's probation officer and determined that the Hamilton St. address listed on the docket was current. *Id.* On January 9, 2023, defense counsel mailed Plaintiff a release of medical records that was requested to be signed and returned within 60 days of receipt. *Id.* Plaintiff did not return the medical release and Defendants argue that Plaintiff put his medical records at issue by alleging that, due to Defendants' actions, he contracted a cold virus, had headaches, and experienced hunger pains. *Id.* (citing ECF No. 1 ¶ 31).

On February 27, 2023, defense counsel, through a service processor, personally served Plaintiff with a notice of deposition to appear at a deposition on March 6, 2023. *Id.* Plaintiff failed to appear at the noticed deposition and at no time contacted Defense counsel regarding the deposition. *Id.* Defense counsel planned to begin the summary judgment meet and confer requirement at the time of Plaintiff's March 6, 2023 deposition. *Id.* at 4. Due to Plaintiff's nonappearance at the deposition on March 6, 2023, Defense was unable to meet and confer with Plaintiff—as directed by the Court. *Id.* As of the date of Defendants' motion to dismiss, Plaintiff had yet to provide a signed release of medical records, to attend his deposition, and to confer with Defendants regarding summary judgment. *Id.*

The Court will grant Defendants' motion to dismiss and will dismiss this action, with prejudice, for Plaintiff's failure to prosecute and to comply

with Court orders. Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action, with or without prejudice, for a plaintiff's failure to prosecute or to comply with a court order. While the Seventh Circuit has held that a single missed filing deadline or status hearing does not support dismissal for failure to prosecute, *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000), it has upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal, *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 753–54 (7th Cir. 1993). The Seventh Circuit has also affirmed dismissals where a single nonappearance was combined with other instances of violating court orders. *See Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994); *see also Schmidt v. Campanella Sand & Gravel Co.*, 49 F. App'x 647, 650 (7th Cir. 2002).

Here, Plaintiff's failure to participate in discovery and the Court's meet and confer requirement has halted this case. "A person cannot file a lawsuit, and then sit back and ignore the other side and the court." *Luedtke v. Sodexo Operations, LLC.*, No. 13-CV-787-PP, 2015 WL 2376505, at *4 (E.D. Wis. May 18, 2015). Plaintiff has not just missed one deadline, but has completely failed to participate in discovery and the Court's summary judgment procedure. Defendants have been unable to conduct discovery or to engage in the Court's meet-and-confer requirement as a result of Plaintiff's failure to respond or otherwise communicate with defense counsel or the Court. Plaintiff has violated the Court's scheduling order and shows no indication that he intends to prosecute this case based on his failure to respond to Defendants' requests and the pending motion to dismiss. As such, the Court is obliged to grant Defendants' motion and to dismiss this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. 20, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay case deadlines, ECF No. 20, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's orders and for the failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge